HOUSTON, Justice
(concurring specially).
As the author of Phillips Colleges of Alabama, Inc. v. Lester, 622 So.2d 308 (Ala.1993), I write to address the plaintiffs contention that the trial court committed reversible error by instructing the jury as follows:
“The burden is on the plaintiff to prove to you by substantial evidence the truthfulness of all the elements of her claim before she would be entitled to recover. If you are reasonably satisfied that the plaintiff has met this burden of proof, then the plaintiff is entitled to recover.
“If you are not reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiffs claim, then the plaintiff is not entitled to recover.
“I have previously stated that the plaintiff has the burden of proving all the elements of the plaintiffs claim by substantial evidence. I need to define for you what substantial evidence means. Substantial evidence means that character of evidence which would convince an unprejudiced thinking mind of the truth of the facts as to which the evidence is directed.
“Part of the plaintiffs burden of proof is to prove by substantial evidence that the defendant failed to exercise such reasonable skill, diligence and care as other simi *783 larly situated physicians in the same general line of practice ordinarily have and exercise in like cases....
“If you are not reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiffs claim, then you need not consider the question of damages. On the other hand, if you are reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiffs claim, then you should consider the question of damages.”
(Emphasis supplied.)
In Phillips Colleges, the trial court refused to instruct the jury that it had to find by substantial evidence each element of the plaintiffs claim. The trial court did instruct the jury that the plaintiff bore the burden of reasonably satisfying the jury from the evidence that the school had made a promise that it did not intend to keep. We held that this was not error.
Sufficiency of the evidence is a question of law (i.e., whether it was of such “weight and quality” that the jurors could reasonably infer from it each element of the plaintiffs cause of action). That question is for the court to decide.
Alabama Code 1975, § 6-5-549, deals with sufficiency of the evidence in medical malpractice cases. The standard of proof required is “substantial evidence.” In addition to this, the legislature provided that in medical malpractice cases, “the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case.” Ala.Code 1975, § 6-5-548(a).
“Substantial evidence” is separately defined for medical malpractice eases as “that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.” Ala.Code 1975, § 6-5-542(5).
In this case, as in Phillips Colleges, the trial court gave the jury the guidance it needed. In this case, the trial court told the jury what the burden of proof was and explained that burden in accordance with §§ 6— 5-542(5) and 6-5-548(a).